FIELDS, administrator, *v.* CASE.

1. Section 4068 of the Civil Code of 1910, which provides that "in other cases of extraordinary services [besides those previously enumerated], extra compensation may be allowed by the ordinary" to an administrator, applies to a temporary as well as a permanent administrator.

2. Extraordinary services for which extra compensation may be allowed to an administrator are services rendered by him while administrator and in the discharge of his duties as such.

(*a*) They do not include voluntary services rendered by a person in procuring a cemetery lot and rendering assistance in connection with the funeral of a decedent, though the person so acting is afterward appointed temporary administrator of such decedent; nor do they include an application by him to be appointed permanent administrator, which is successfully resisted by an heir of the intestate, and which results in the appointment of the latter.

NOVEMBER 16, 1911.

Appeal. Before Judge Pendleton. Fulton superior court. September 24, 1910.

*Hines & Jordan,* for plaintiff in error. *Bell & Ellis,* contra.

LUMPKIN, J. A person took out temporary letters of administration on the estate of a deceased woman, and on the same day applied for permanent letters. A caveat was filed by one who claimed to be an heir and to have been selected by a majority of the heirs to administer the estate. The caveator was appointed. The temporary administrator then filed a petition to be allowed compensation, alleging, that when the intestate died it was not known that she had any relatives; that she left a- house and lot and a small amount of money and personalty; and that he had performed unusual and extraordinary services. He prayed to. be allowed suitable compensation therefor, and fees for the attorneys who had represented him. The ordinary allowed $75 as compensation for the administrator and $50 as attorneys' fees. The case was appealed to the superior court, where it was submitted to the

presiding judge without a jury. The judge awarded to the administrator $75 as compensation, but no attorneys' fees. The permanent administrator excepted.

1. The case involves two questions. If it is necessary for a temporary administrator to render extraordinary services, can the ordinary allow him extra compensation above the usual commissions for receiving the estate, under the Civil Code (1910), § 4067, or do the provisions of that section apply only to a permanent administrator? And if such compensation can be allowed to a temporary administrator, was the basis of allowance in this case proper?

The code nowhere provides for the compensation of a temporary administrator by name, save as he is classed with administrators generally. Section 4062 provides that as compensation for his services "the administrator" shall receive a commission of two and one-half per cent. on all sums of money received by him and a like per cent. on all sums paid out by him. Section 4065 provides that no commissions shall be paid for delivering over any property in kind, but the ordinary may allow reasonable compensation, not exceeding three per cent. of the appraised value. Section 4066 makes provision in regard to the allowance of traveling expenses and reasonable compensation, if an administrator is required, in the discharge of his duties, to travel out of his county. Section 4067 provides, that, "in other cases of extraordinary services, extra compensation may be allowed by the ordinary." Section 4068 declares, that, if a trust fund passes through the hands of several administrators, the fund shall not be diminished by charges of commissions by each successive administrator holding and receiving in the same right, but that commissions for receiving and those for paying out shall be paid to the trustee performing the service.

The general duty of a temporary administrator is to collect and preserve the estate. Sometimes extraordinary services may become necessary. Certainly the law does not contemplate that a temporary administrator shall serve without any compensation. But, as has been shown, no provision is made therefor, except in the general rules as to compensation of administrators. If it should become necessary, in the discharge of his duty, to travel out of the county and incur expenses, the law does not require him to pay the neces-

sary expense from his own pocket, without reimbursement, or to let the estate go to waste. Nor is there any reason why the provision as to extra compensation should not apply to a temporary administrator as well as to a permanent one.

2. If a temporary administrator applies for extra compensation beyond the regular commissions, it must be on the basis of extraordinary services rendered by him while acting as administrator, and in the performance of his duties. The nature of the position and the duties of such an administrator must be borne in mind. It is not everything which he may do which will entitle him to extra compensation. Nor can he claim compensation for acts done before his appointment as temporary administrator. Funeral expenses to correspond with the circumstances of the deceased in life are a proper charge against the estate; but voluntary acts in assisting in the burial furnish no ground for allowing extra compensation to the person performing them, though he may afterward become the temporary administrator of the estate of the deceased. If he wishes to try to set up a charge for such services as extraordinary services of an administrator, he should become temporary administrator before rendering them. If he acts as a philanthropist or friend, he can not claim extra compensation therefor as administrator, when later he becomes such. Neither can he claim extra compensation as temporary administrator on the ground that he sought to be appointed permanent administrator and failed in the effort because an heir was appointed.

An examination of the evidence shows that a large part of it deals with acts of the character above indicated. It seems apparent that they entered into the determination of the presiding judge. The estate is small. If any allowance is made, it should be on the basis of extraordinary services of the administrator. We think the case should be returned for a rehearing under the principles here announced.

*Judgment reversed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*