## WRIGHT, Supt., v. BIG HILL TRADING CO.

No. 15949—Opinion Filed Oct. 13, 1925.

Rehearing Denied Dec. 1, 1925.

1. Executors and Administrators—Allowance for Funeral Expenses—Reasonableness.

The cost and amount of the funeral expenses and burial of a decedent should in all cases be reasonable and correspond with the circumstances and social conditions of the decedent, including his station in life and the value of his estate.

2. Same—Insufficiency of Evidence.

Record examined; held, to be insufficient to support judgment in favor of the claimant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worten. Judge.

Action by the Big Hill Trading Company against the estate of Fred Wheeler for recovery of funeral expenses, filed in the county court. Judgment for plaintiff. Appeal to the district court. Judgment for the claimant. J. George Wright, as Superintendent of the Osage Indian Agency, appeals the cause to this court. Reversed and remanded.

J. M. Humphreys, for J. George Wright.

Leahy, MacDonald, Holcomb, Lohman & Files, for defendant in error.

Opinion by STEPHENSON, C. The Big Hill Trading Company filed a claim in the county court of Osage county, in the estate of Fred Wheeler, deceased, for funeral expenses in the amount of $3,415. The claim was allowed by the county court, from which an appeal was perfected to the district court by the Osage Indian Agent. A trial of the cause in the district court resulted in the allowance of the claim in he sum of $3,415. J. George Wright, as Superintendent of the Osage Indian Agency, has appealed the cause to this court for review. The main assignments of error are: (1) That the evidence is insufficient to support the amount of the claim as allowed. (2) Error in allowing the introduction of a transcript of the evidence of one of the witnesses

given in the trial of the case in the county court.

Fred Wheeler was a full-blood Osage Indian allottee, who died leaving an estate of about $40,000. The next of kin were the father and mother of the decedent. The Big Hill Trading Company filed its claim covering various items of funeral expenses, making a total of $3,415. The main items are charges of $2,700 for a metal casket; 10 robes, $160; a large silk flag, $1.15; and flowers, $74. It is the contention of the appellants that the charge for funeral expenses is unreasonable and unwarranted. Particular objection is made to the item of $2,700 for the metal casket. It may be stated as a general rule that the cost and amount of the funeral expenses and burial of a decedent should in all cases be reasonable and correspond to the circumstances and social condition of the decedent, including his station in life and the value of his estate. Golden Gate Undertaking Co. v. Taylor, 168 Cal. 94, 141 Pac. 922, 52 L. R. A. (N. S.) 1152, and note: Fields v. Case, 137 Ga. 147, 72 S. E. 899, Ann. Cas. 1913 A, 1266; Foley v. Brocksmit, 119 Iowa, 457, 93 N. W. 344, 97 A. S. R. 324, 60 L. R. A. 571; Kroll v. Close, 82 Ohio St. 190, 92 N. E. 29, 28 L. R. A. (N. S.) 571.

The obtaining of flowers for the funeral of a decedent, while not a necessity, is generally considered appropriate and in harmony with the feelings and sentiment of our common humanity, and therefore may give rise to a valid charge against an estate, if reasonable. O'Reilly v. Kelly, 22 R. I. 151, 46 Atl. 681, 84 A. S. R. 833, 50 L. R. A. 483.

The burden was on the Big Hill Trading Company, in submitting its claim for approval and allowance, to show by competent evidence that the several charges involved in the funeral expenses were reasonable. The main objection to the bill goes to the charge of $2,700 for a metal casket. The witnesses, who testified for the claimant as to the reasonable retail value of the casket, did not show that they had knowledge of sales of similar caskets. No witness testified for the Big Hill Trading Company who had seen like caskets sold in the same vicinity in the past, yet the witnesses testified that $2,700 was a reasonable sales price for the casket. The record does not disclose what the actual cost of the casket was. The evidence indicates that the wholesale cost did not exceed $500, but we are unable to say from the record what might have been the original cost. We are unable to determine from the record on what the witnesses based their testimony that $2,700 was a reasonable cost for the casket. If the witnesses had testified that other undertaking concerns had sold similar caskets to the retail trade for $2,700 in the same vicinity, then the witnesses would have been competent to testify as to the reasonable sales price of the casket involved in this case. The question as to what constitutes the reasonable retail price for the casket is one of fact to be determined by the court from competent evidence offered in support of the claim. We are unable to say that the charge made for the casket is reasonable on account of the failure of the Big Hill Trading Company to support its claim with evidence of witnesses who were qualified to testify in relation to the matter. If the Big Hill Trading Company had supported its claim by competent evidence of other undertakers in the same vicinity to establish retail prices for such caskets, and such prices had supported the charge made for the casket in this case, then a different question would be presented in this appeal.

It appears from the record that the ten robes, or blankets, were purchased by the father of the decedent, for use as presents to the chief mourners at the funeral. This practice was in accord with an ancient custom of the members of the tribe. It is the rightful privilege of the members of the tribe to conduct funerals for the members of their family in accordance with their ancient and continuing customs, provided the expenditures therefor are not unreasonable as measured by the rules herein stated.

The appellant does not make the point that the value of the decedent's estate did not justify or warrant the expenditure of $3,415 as funeral expenses. The objection is that the claimant does not offer sufficient proof to support its charge for the casket. We are unable to say that the charge is reasonable, as the claimant does not support the item with evidence of witnesses who showed that they were competent to testify as to the retail market price of the casket. The clerk of the county court included the evidence of one of the witnesses for the claimant in the certified transcript of the record. The court admitted the transcript of the evidence given by the witness in the trial of the cause in the county court, as evidence in the trial of the same cause on appeal in the district court. The record did not show that the witness was dead or absent from the county. So far as we know from the record, he was subject to the process of the court and could have attended the trial and testified. The testimony of the witness in question was offered in the trial of the cause in the county court to show

what was the retail sales price of the casket. What we have said in relation to the competency of the other witnesses who testified in respect to the question applies to this witness. The witness does not show that he was competent to testify in respect to the casket in question if he had been present.

It is recommended that the judgment of the court allowing the claim be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 24 C. J. p. 308, §927; anno. 38 L. R. A. 665; 28 L. R. A. (N. S.) 572; 52 L. R. A. (N. S.) 1152; 11 R. C. L. 224, 225. (2) 24 C. J. p. 308, §927.