GREENWOOD *et al. v.* GREENWOOD *et al.*
JONES *v.* GREENWOOD *et al.*

Nos. 9806, 9807.   February 24, 1934.

*J. B. Jones, G. N. Bynum,* and *D. K. Johnston,* for plaintiffs.

*T. B. Higdon* and *George L. Bell Jr.,* for defendants.

HUTCHESON, J. A motion was made to dismiss the writ of error, for the reason that E. L. Jones, a necessary party, was not served with the bill of exceptions. He was subsequently made a party, and acknowledged service of the bill of exceptions. The motion to dismiss is overruled. Civil Code (1910), § 6160, par. 3.

W. H. Greenwood became indebted to T. B. Higdon for services rendered as attorney at law in certain litigation, and to secure this indebtedness W. H. Greenwood assigned his interest in the estate of his father on September 17, 1931, and this assignment was served on Ellis, administrator, on September 21, 1931. On September 1, 1932, W. H. Greenwood filed a voluntary petition in bankruptcy. He claimed a homestead, and it was set apart to him, the principal item being his interest in his father's estate, subject to the assignment above referred to. On November 3, 1932, W. H. Greenwood assigned this homestead to T. B. Higdon. On September 17, 1931, the date of the first assignment from W. H. Greenwood to Higdon, there were in existence three judgments against W. H. Greenwood, held by Mrs. Cora Greenwood and B. H. Greenwood. On these judgments garnishments were issued and served on the administrator on April 22, 1932. The auditor found that the amount claimed by Higdon as fees in representing W. H. Greenwood, and for which the assignment was made, was a reasonable amount to be charged in the litigation. He found that the assignment was an equitable assignment, and did not convey a legal title to the interest of W. H. Greenwood. The judge sustained exceptions to this finding by the auditor, holding that the assignment was a legal assignment and conveyed the title to the share of W. H. Greenwood in his father's estate. The right of an heir to an interest in the estate of his ancestor is a chose in action. *Sterling* v. *Sims,* 72 *Ga.* 51. Such choses in action are assignable. *Turk* v. *Cook,* 63 *Ga.* 681. The Civil Code (1910), § 3653, provides that choses in action are assignable. See also § 3655. The auditor found that there was no fraud in the execution of the assignment, and under the Civil Code (1910), § 3230, W. H. Greenwood had the right to prefer one creditor to another. In *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (2) (28 S. E. 393), it was held: "Choses in action are not subject to seizure and sale under executions based upon ordinary judgments, and can only be reached by the judgment creditor through a garnishment, or some other collateral proceeding; and inasmuch as such garnishment or collateral proceeding is necessary to fix the lien of the judgment so as to make it effective, an assignment of the chose in action by the debtor before the institution of such collateral proceeding passes to the assignee the property of the debtor in the chose in action assigned, freed from

the lien of a general judgment previously rendered against the assignor." See *Silver* v. *Chapman*, 163 *Ga.* 604 (3, 4) (136 S. E. 914) ; *Citizens Bank & Trust Co.* v. *Pendergrass*, 164 *Ga.* 302 (138 S. E. 223) ; *Norris* v. *Aikens*, 155 *Ga.* 488 (117 S. E. 248). The exceptions to the court's ruling on these assignments are without merit.

■ The court also sustained the exception of fact to the auditor's finding that the judgment of B. H. Greenwood against W. H. Greenwood for $286.45 was founded on a homestead-waiver note, and also the exception of law to the auditor's finding that the garnishment on this judgment was superior as a lien on the interest and homestead of W. H. Greenwood to the lien of the assignment of the homestead; the court holding that the finding of the auditor that the judgment was founded on a homestead-waiver note was not justified. The original note was lost and not produced, according to the report of the auditor, and "this latter note was a homestead-waiver note according to the copy." One witness testified that this note "did not cut any figure in the judgment." In his report the auditor stated: "It is impossible from the present record to tell with certainty how the trial judge reached the figure $286.45. Some of the original papers are missing. The case was filed August 17, 1928, on an open account showing a balance due of $150. This account on its face was not barred. On November 13, 1928, an amendment was allowed, stating an additional claim of $1607.76, alleged to be due on three notes purported copies of which are attached to the amendment. Considering the credits on the back of these notes, the balances due at the date of the amendment do not total $1607.76. Two of the original notes are before me. One is for $2000, one for $1000. They show that the copies are not exact. The original third note is now missing. The original note for $2000 before me is a homestead-waiver, but is not under seal. If the credits on its back were made by the debtor (4385), the note was not barred at the date of the filing of the amendment; otherwise it was." It will thus be seen that the auditor was doubtful as to the correctness of his ruling that the judgment was based on a homestead-waiver note, and certainly the evidence on this point is in conflict; and this being so, the judge did not err, in passing on the facts, in holding that the auditor erred in his finding, and in holding that the judgment was not based on a homestead-waiver note. The exception is therefore without merit.

■ The auditor disallowed any fee to the temporary administrator, and the court sustained exceptions of law to this finding, holding: "While the temporary administrator is entitled to commissions on the moneys collected by him only, he prosecuted to successful judgment the suits referred to without objection, and should be entitled to some compensation for this special service rendered the estate. The court now fixes that sum at $100 to be paid by the administrator out of the assets of the estate, with the additional sum of $3.12 as commissions." This ruling is assigned as error. This amount was allowed by the court in the nature of extra compensation to the temporary administrator, in view of the amount of special services rendered. In *Fields* v. *Case,* 137 *Ga.* 147 (72 S. E. 899, Ann. Cas. 1913A, 1266), it was held: "Section 4067 of the Civil Code of 1910, which provides that 'in other cases of extraordinary services [besides those previously enumerated] extra compensation may be allowed by the ordinary' to an administrator, applies to a temporary as well as a permanent administrator." The court did not abuse his discretion in allowing the temporary administrator $100 for special services rendered, and the additional amount of $3.12 as commissions.

■ E. L. Jones assigns as error the finding of the auditor, and the approval of this finding by the court, that the fi. fa. held by Jones was not a lien superior to the share of B. H. Greenwood in his father's estate. Jones indemnified the United States Fidelity & Guaranty Company, which company was security on the certiorari bond of B. H. Greenwood in a suit which originated in the municipal court of Atlanta, by the administrator against B. H. Greenwood on certain notes, assets of the estate of G. W. Greenwood. The administrator was awarded judgment, the United States Fidelity & Guaranty Company paid off the judgment, and E. L. Jones in turn reimbursed the company, and the fi. fa. was transferred to Jones. Jones filed a claim with the administrator based on this fi. fa. for the amount of the judgment which he had paid against the share of B. H. Greenwood in the estate of his father. The auditor found, and his finding was approved by the court: "I find against this contention. The principle involved is called the right of retainer which exists in the representative. It is somewhat different from a right of set-off. It is discussed in 24 C. J. 487-489. It is both the right and the duty of the administrator to

retain from the distributive share the amount of any debt owed the estate by that distributee. .The right is not affected by the solvency or insolvency of the heir. On page 489 of 24 C. J. is cited Nelson . *v. Murfee,* 69 Ala. 598, as holding that the rperesentative is entitled to retain the share in payment of the debt as against the claim of a judgment creditor of the heir. The rule has been applied in Georgia in *Lester* v. *Toole,* 20 *Ga. App.* 381, 384 (93 S. E. 55). From this decision it seems clear that the retention is good as against the judgment creditor of the heir even where the estate's debt has not been reduced to judgment by the administrator. Therefore in the case at bar it makes no difference that the fi. fa. held by Jones is older than the one held by Ellis." The judge did not err in overruling the exception to this finding.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*