25866. PIEDMONT SAVINGS COMPANY *v.* DAVIS *et al.*

Decided March 4, 1937.

*Madison Richardson,* for plaintiff.

*Tye, Thomson & Tye, G. S. Peck,* for defendants.

Felton, J. On September 23, 1932, P. B. Hopkins obtained in Fulton superior court a judgment for $3425 against W. J. Davis, which judgment was immediately transferred to Peck and Etheridge & Sons, the assignment being absolute in form. Before the obtaining of this judgment by Hopkins, the Piedmont Savings Company had obtained in the municipal court of Atlanta on March 4, 1931, a judgment against Hopkins for $1500 and interest. On September 30, 1932, the Piedmont Savings Company instituted, on its judgment against Hopkins, a garnishment proceeding in the municipal court of Atlanta, and summons of

garnishment was served on Davis. Davis answered the summons on oath, and said that he was not indebted to Hopkins, because of the transfer of the judgment by Hopkins to Peck and Etheridge. There being no traverse of this answer, Davis took an order discharging him as garnishee. Four days after this discharge, Davis obtained from the Atlanta Banking and Savings Company a judgment in its favor against Hopkins, this judgment, dated April 15, 1932, having been obtained in the city court of Atlanta, and being for $3750, with interest, and attorney's fees. On the following day Davis paid to Peck and Etheridge, the assignees of Hopkins, $2900, the amount due them by Hopkins. Upon the payment of this money, the following receipt was entered on the back of the execution: "The within execution having been transferred to secure the payment of fees due G. S. Peck and Paul S. Etheridge & Sons in the amount of $2900, and said amount having been paid by W. J. Davis, the defendant therein, said amount is credited on said execution in full settlement of said fees. This June 4, 1935. Paul S. Etheridge & Sons, by Paul Etheridge, Member of Firm; G. S. Peck." In April, 1936, Davis instituted proceedings to set off the judgment of the Atlanta Banking and Savings Company against Hopkins, which had been assigned to him, against the balance of $1200 due on the judgment in favor of Hopkins against Davis. On May 19, 1936, Peck and Etheridge & Sons transferred to the Piedmont Savings Company the judgment in favor of Hopkins against Davis, and upon its prayer it was made a party respondent in the set-off proceedings. The motion to set off was allowed, and Davis was permitted to set off the judgment of the Atlanta Banking and Savings Company against Hopkins against the judgment of Hopkins against Davis. This judgment was excepted to on the following grounds: (1) That Davis was estopped to plead the set-off; (2) That Davis could not obtain satisfaction of the Atlanta Banking and Savings Co. judgment against Hopkins by set-off to the prejudice of a senior judgment holder; (3) Because when Hopkins obtained against Davis the judgment which Davis seeks to set off, Davis did not own the Atlanta Banking and Savings Company judgment against Hopkins.

■ The plaintiff in error contends that the set-off was improper, for the reason that Davis did not own the judgment he sought to

set off at the time the suit against him was filed by Hopkins, resulting in the judgment against Davis. We do not think this point is well taken. Such a contention would limit and materially confine the Code provisions as to the set off of judgments. The Code of 1933, § 39-605 (Code of 1910, §§ 4342, 5670) provides that judgments may be set off against each other, regardless of when they were acquired; and it is not necessary for a set-off that a party own a judgment sought to be set off at the time of a suit against him resulting in a judgment against him. It would be entirely unreasonable and unjust to say that the owner of a judgment would be entirely remediless to set off one judgment against another simply because he acquired it after a suit was filed against him.

■ The second headnote needs no elaboration.

■ The plaintiff in error contends that Davis is estopped to set off his transferred judgment against the balance due on the judgment of Hopkins against Davis, for the reason that Davis answered, in the garnishment proceeding by the plaintiff in error, that he was not indebted to Hopkins in any sum by reason of the transfer of the judgment in favor of Hopkins against Davis. The record shows that the judgment of Hopkins against Davis was assigned to secure a debt of Hopkins to the transferees, for an amount less than the amount of the judgment, and that Hopkins had an equitable interest in the same at the time of the garnishment answer by Davis. The plaintiff in error contends that if Davis had answered in accordance with this fact, it would have been entitled to a judgment against Davis in the garnishment. If it is right in this contention, it should prevail in the case; for, regardless of whether Davis knew the truth or not, he would have gained an advantage, and the plaintiff in error would have suffered a loss by reason of Davis's position in the legal proceeding, and he would now be estopped to set up a contrary contention, to wit, that he was indebted to Hopkins at the time he denied it in his garnishment answer. Our view is that the fallacy of the argument of the plaintiff in error lies in the assumption that if Davis had answered, in the garnishment, the facts as they were, the plaintiff in error would have been entitled to a judgment against Davis; or, in other words, that Hopkins' equitable interest in his judgment against Davis was subject to garnishment in spite

of the fact that the legal title to the whole judgment had been assigned to others to secure a debt. If such equitable interest was not subject to garnishment, it would have made no difference if Davis had answered in accordance with the facts. He would have been entitled to a judgment of discharge as a matter of law. It was held in *King* v. *Carhart,* 18 *Ga.* 650, that the transfer of a negotiable instrument as collateral security puts the debt beyond the reach of a garnishment at the suit of the creditor of the assignor, wherein the garnishment was served subsequently to the transfer. In such a case the whole instrument is transferred, and not, as plaintiff in error seems to contend, merely a part of it; namely, the amount up to the amount of the debt secured. We see no reason why the same law does not apply to a transferred judgment. It follows that Davis was entitled to a discharge, and would have been if he had answered as the plaintiff in error contends he should have answered in the garnishment, and therefore he did not cause plaintiff in error to suffer a loss by his conduct.

■ The plaintiff in error contends that Davis can not set off his transferred judgment against Hopkins, because it held an older judgment against Hopkins. This contention is not well founded, because the question of priority of liens against property is not involved, and there is no effort to satisfy the judgment out of Hopkins' property. The right of set-off as applied to judgments is the same as the right applied to other mutual demands, where the rights of third parties are not involved. If Hopkins had owed Davis on open account or note, not reduced to judgment, and Davis had likewise owed Hopkins, upon being garnished Davis could answer not indebted by reason of the set-off, in spite of plaintiff in error's judgment and right to have a lien on the property of Hopkins. A mutual demand under a judgment is just as good as one not under judgment, and no reason appears why such a set-off should not be allowed. Mutual demands extinguish each other by operation of law, without waiting for any act of the parties. *Skrine* v. *Simmons,* 36 *Ga.* 402, 404 (91 Am. D. 771). The species of property not reached by judgment lien but which may be subject to garnishment lien may be set off before a garnishment lien attaches, despite the previous rendition of a judgment. *Greenwood* v. *Greenwood,* 178 *Ga.* 605, 610 (173 S. E. 858). The acquiring by the plaintiff in error of the judgment

in favor of Hopkins against Davis subsequently to the filing of the motion in this case has no bearing on the case. We see no error in the judgment allowing the set-off.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*