In re TUCKER'S ESTATE.

No. 33126.   June 22, 1948.

Rehearing Denied Sept. 28, 1948.

*197 P. 2d 971.*

Hays & Powers, of Oklahoma City, for appellant.

Thomas & Thomas, of Lawton, for appellee.

GIBSON, J.   This probate appeal arose out of the following facts and circumstances:   The appellant, Wm. M. Tucker, and the appellee, Olga M. Cremer, were formerly husband and wife.   The decedent, Elizabeth Tucker, was adopted by them when she was but a few days old, and they reared and cared for her until 1929, when they were divorced.   In the divorce decree appellant was required to pay appellee $50 per month for the support of Elizabeth, and he paid some $830 under said decree, and said money was used for her support and maintenance.   After the parties were divorced appellee with her own funds purchased several lots for and in the name of Elizabeth.   A house was erected on one of the lots. A savings account was also opened by appellee for and in the name of Elizabeth.   This savings account was augmented from funds deposited by appellee and rent from said house.   Elizabeth died in 1945, intestate, leaving an estate worth approximately $3,693.   Appellee was appointed administratrix of her estate, and she incurred liabilities for funeral expenses in the approximate amount of $1,500, including $850 for a casket.   She filed an application for permission to purchase a tombstone for her grave for $1,020.   Appellant filed an objection to such expenditure on the ground that it is an excessive amount to spend for such purpose, in view of the size of the estate and station in life of the deceased.   The county court overruled the objection, and the district court, on appeal, affirmed the order of the county court, and from that judgment Tucker has appealed.

The first question for decision is whether appellant was entitled to inherit any of the property left by decedent so as to entitle him as an in-

terested party to object to the application for such allowance and to appeal from the order allowing the same, as provided in 58 O. S. 1941 §722. The trial court based its decision on a negative answer to this question.

Since the entire matter of adoption and the nature and extent of the right of inheritance resulting therefrom are wholly within the control of the Legislature, the answer to this question must be found in 10 O.S. 1941 §53:

"The parents by adoption and their heirs shall take by descent, from any child adopted under the laws for the adoption of children, and the descendants and husband or wife, or such child, only such property as he has taken from or through the adopting parents or either of them, either by gift, bequest, devise or descent, with the accumulations, income and profits thereof, and all laws of descent and rules of inheritance shall apply to and govern the descent of any such property, in the same manner as if the child were the natural child of such parents; but the parents by adoption and their heirs shall not inherit any property which such child may take or have taken by gift, bequest, devise or descent from his kindred by blood."

All the estate came to decedent from appellee, and no part of it came from her kindred by blood. The record is silent as to whether decedent left a surviving husband or issue, but the parties have tried and briefed the case on the theory that she left neither. For the purpose of this opinion we assume that she died intestate, unmarried and without issue. Under these circumstances it is clear that all of the property descended to one or both of her adoptive parents. We think the fact that it all came to her from appellee is immaterial, since the statute provides only that it be taken by the adopted child from or through the adopting parents "or either of them". Under the provision immediately following, that "all laws of descent and rules of inheritance shall apply to and govern the descent of any such property (that

acquired from either or both the adopting parents), in the same manner as if the child were the natural child of such parents," we look to the general statutes of descent and distribution to determine how the property descends from the adopted child. 84 O. S. 1941 §213(2) provides:

"If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares."

Under these statutory provisions it is immaterial whether the adopted child acquired the property from either or both the adopting parents. In either event, the parents inherit the property "in equal shares" where, as here, the adopted child dies intestate, unmarried and without issue. There is no language in these statutes justifying the contention of appellee or the holding of the trial court that such property descends to the adopting parent from which it was acquired, where both adopting parents survive.

We conclude that appellant inherited half of the property left by decedent, and that as an interested party he had the right to object to the application and to appeal from the order authorizing the purchase of a tombstone.

The next question is whether the expenditure of $1,020 for a monument is unreasonable and excessive. The appellee testified that the monument costing $1,020 was the only monument she had seen that she thought "suitable" for the deceased; that the deceased was crippled and an invalid; that she associated with "the best people in Lawton", and belonged to no social or other organization except a church; that she did not do extensive entertaining, and that her education consisted of high school and one-half semester in junior college. The appellant testified that he had viewed the proposed monument and that it was the largest and most costly the monument company had and was about seven feet high. He testi-

fied regarding sizes, types and prices of other monuments at the same monument company, and that, in his opinion, a suitable and proper monument could be purchased for about $200 to $300.

We have said that the cost of erecting a monument is a part of the funeral expenses. In re Wilson's Estate, 160 Okla. 23, 15 P. 2d 825. And the rule is that the funeral expenses "should in all cases be reasonable and correspond with the circumstances and social conditions of the decedent, including his station in life and the value of his estate." Wright v. Big Hill Trading Co., 115 Okla. 82, 241 P. 811. See, also, 24 C. J. 308, 309; 34 C. J. S. 137, 138; 21 Am. Jur. 570, 572.

Under the facts of this case, the estate being solvent and there being no creditors, the trial court did not err in approving the expenditure by the administratrix for a monument to be erected at the grave of the deceased in the amount prayed for.

The judgment of the trial court insofar as it holds the appellant not to be an heir of deceased is reversed, and insofar as it approves the expenditure by the administratrix of funds for the erection of a monument at grave of deceased is affirmed.

DAVISON, V.C.J., and WELCH, CORN, and LUTTRELL, JJ., concur. HURST, C.J., and ARNOLD, J., concur in part and dissent in part.

---

HURST, C.J. (dissenting in part). I concur in paragraph 1 of the syllabus, but dissent to the allowance of more than $300 for a tombstone when, as here, the value of the gross estate was less than $4,000. The allowance of more than $300 is, in my opinion, contrary to the rule stated in the authorities cited in the majority opinion.

ARNOLD, J., concurs in these views.