the vendors upon the agreement. This case also decides that there was a per-
sonal liability of the defendants or occupants of the premises for the payment
of the tax, and that, after the completion and delivery of the assessment roll,
there is no power to alter or change it. This case was distinguished in *Barlow*
v. *Bank*, 63 N. Y. 399, where the defendant, on the 27th day of October, 1868,
conveyed to the plaintiffs a farm in the town of Ossining, in the county of
Westchester, by deed containing a covenant against incumbrances. The as-
sessors had assessed the property to the then occupant, and completed the
assessment roll in August; and thereafter it was duly delivered to the board
of supervisors in November, who extended the tax thereon, and delivered it,
with the warrant, to the collector. The tax was paid by the plaintiffs, who
brought action to recover it. The only question presented was whether, under
the circumstances, there was a breach of the covenant against incumbrances.
*Rundell* v. *Lakey, supra*, was distinguished on the ground that Justice GROVER,
who delivered the opinion, placed his judgment upon the effect of the agreement,
considered in connection with the fact that, under the tax laws, the owner of
real estate residing in the town or ward where it is situated, to whom it is
assessed, is primarily liable for the payment of the taxes subsequently imposed
upon the assessment, although he may have parted with the title after the
completion of the assessment roll by the assessors, and before the levying of
the tax by the board of supervisors. The only point involved and decided was
that there was a breach of covenant. In my judgment, the law as laid down
in *Rundell* v. *Lakey* has not been changed by this latter case. In the one the
decision of the court was influenced, if not controlled, by the existence of the
agreement; in the other, the breach of the covenant was controlling. *Rundell*
v. *Lakey*, it is true, establishes the personal liability of the defendants to the
payment of the tax, because they were the owners of the property in question
at the time the assessment roll was made up; but there the controversy was
over the rights of vendors and vendees, while in the case under consideration
—life-tenant and remainder-men—the rights of the respective parties are dif-
ferent. By Rev. St. pt. 2, tit. 3, c. 6, art. 2, § 27, it is provided that "every
executor and adr 'nistrator shall proceed with diligence to pay the debts of
the deceased, and shall pay the same according to the following order of classes:
*First,* * * *; second,* taxes assessed upon the estate of the deceased
previous to his death," etc. Taxes assessed subsequent to the death of the
decedent were not contemplated to be paid by the executors from the *corpus*
of the estate. *Griswold* v. *Griswold*, 4 Bradf. Surr. 217.

---

## In re BREWSTER'S ESTATE.

(*Surrogate's Court, New York County.* December 24, 1888.)

1. EXECUTORS AND ADMINISTRATORS—PAYMENT OF LEGACIES—RIGHTS OF ASSIGNEES.
   An assignee of a legacy does not fall within the provisions of Code Civil Proc. N.
   Y. § 2717, which provides that a person entitled to a legacy or any other pecuniary
   provision under a will may, after one year from the issue of letters testamentary or
   of administration, file a petition, and have a decree requiring the executor to pay
   his claim or show cause why he should not do so, as an assignee does not claim
   "under the will."

2. SAME—DECREE—ACTIONS PENDING.
   Such a decree should not be granted at the instance of a legatee when it appears
   that suits are pending against the executor for amounts much greater than the
   assets in his hands, as under Code Civil Proc. N. Y. § 2718, the surrogate can direct
   such payment only when it will not injuriously affect the interests of others.

Petition for decree directing the payment of legacies.
*M. Baldwin,* for petitioner. *Townsend, Dyett & Einstein,* for executors.

RANSOM, S. Seabury Brewster, by his will, bequeathed to William C.
Brewster, $100,000, and to Seabury Brewster Cook, Seabury Brewster Wiley,
Anna Seabury Brewster, John Wiley, Elizabeth R. Wiley, and Charles Wiley,

$5,000 each; and to Henry B. Brewster and Mary C. de Tenouenne, $1,000 each. Henry B. Brewster, in his own right, and as assignee of the legacy of William C. Brewster, and in behalf of the other legatees above named, applies for the payment of his and their shares in the estate.

I will first consider the application for the payment of the legacy of $100,000 to the assignee of the legatee. My learned predecessor has determined this precise point in *Re Peyser*, 2 Dem. Sur. 221. In the course of his opinion Judge Rollins says: "Section 2717 of the Code provides for cases in which a petition may be presented to the surrogate's court, praying for a decree directing an executor or administrator to pay the petitioner's claim, and for a citation directing him to show cause why such a decree should not be made. It declares that such petition may be presented 'by a person entitled to a legacy or any other pecuniary provision under the will, or a distributive share, for the payment or satisfaction thereof, or of its just proportional part, at any time after one year has expired since letters were granted.' Under this provision I do not think that either Dorothea Peyser or Frederich M. Peyser, the assignees, has any standing to institute this proceeding. Whatever rights they may have they take under the several alleged assignments, and not under the will." This decision is directly in point, and controlling upon the application made here by the assignee, which must be denied.

I next come to that part of the application that is made by Henry B. Brewster, in his right as legatee, and in behalf of the other legatees above named. The affidavit submitted by one of the executors shows that letters testamentary were issued to them January 21, 1885; that the balance now in their hands is $389,397.85, a greater part of which, viz., $252,000, consists of the proceeds of the sale of the real estate of the testator; that on June 15, 1885, an action was commenced by the public administrator against them, claiming $618,523, which would absorb the entire estate; that in that action judgment was entered January 19, 1888, in favor of the defendants, and on February 18, 1888, the plaintiff filed and served notice of appeal, which appeal was duly perfected in June, 1888; that another action against the executors, in which Mrs. Andrews is plaintiff, is pending, and involves one-third of the whole estate. There are other estimated charges against the estate, which, eliminating the legacies, amount to about $60,000. The legacies, with interest, amount to $155,760.85. It will be readily seen that if these suits against the estate are successful, there will not be sufficient assets to liquidate them. In view of this condition of affairs, it would not be proper for the surrogate to direct the executors to pay any of these legacies, it not being proved to his satisfaction that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claims, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction. Section 2718, subd. 2, Code Civil Proc. Having made the disposition of this motion as above indicated, it is not necessary to determine whether the legacies are a charge on the real estate.

---

CHURCH et al. v. OLENDORF et al.

(*Supreme Court, General Term, Fourth Department.* October, 1888.)

1. LIMITATION OF ACTIONS—RUNNING OF STATUTE—APPOINTMENT OF ADMINISTRATOR.
Under Code Civil Proc. N. Y. § 403, providing that the term of 18 months following the death of a debtor is not part of the time limited for the commencement of an action against his representative, and that if letters are not issued within the state at least 6 months before the action would be barred by lapse of time as so extended, then the term of one year after letters are issued shall also be excluded from the operation of the statute, the time for bringing an action against an administrator appointed more than 6 months before the debt would be barred, is only extended 18 months, and not 2 years and 6 months.