### APPLEBEE et al. v. DUKE et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. DISCOVERY—"ANOTHER PARTY TO ACTION"—ACCOUNTING.

Devisees are proper parties to an action for an accounting by the executors against the surviving partner of the testator, and, though joined as defendants, their interests are adverse to those of the surviving partner; and they may ask for a discovery of his books, as being "another party to the action," within Code Civil Proc. § 803, providing that courts of record may compel a party to an action pending therein to produce for the inspection of "the other party" books or other documents under his control, relating to the merits of the action or his defense therein.

2. INFANTS—RIGHT TO APPEAR IN ACTION.

In such action the answer of two of the defendant devisees, who are infants, set up no claim against the surviving partner. Held unnecessary, in that they were entitled to appear on the trial, and avail themselves of the claims set forth in the complaint.

Appeal from special term, Allegany county.

Action for an accounting by Andrew J. Applebee and Eugene P. Whitcomb, as executors of the last will and testament of Joseph Duke, deceased, against William Duke, surviving partner of testator, impleaded with Emily Duke, Hanford Duke, and Myron Duke, devisees. From an order granting defendants Hanford Duke and Myron Duke an inspection of the books and papers of William Duke, William Duke appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Edward A. Washburn, for appellant.

Clarence A. Farnum, for respondents.

LEWIS, J.　This action was brought by the plaintiffs, as executors under the will of Joseph Duke, to compel an accounting as to the partnership transactions between the said copartners, Joseph and William Duke.　The defendants Emily Duke, Hanford Duke, and Myron Duke are the heirs at law and next of kin of the said Joseph Duke, deceased, and as such, under the will of the said Joseph Duke, are entitled to the distribution of his estate.　Joseph died December 23, 1884.　He and William had been, for many years prior and up to the time of his death, copartners in the lumber and oil-producing business, and as such were owners in fee of a large amount of real estate purchased with the funds of the company.　The title to a portion of these lands was in William's name, and a part in the name of Joseph, respectively.　They also owned leasehold interests in oil-producing lands.　After Joseph's death, William continued the business as surviving partner.　Books of account of the business were kept in this state, and also in the state of Pennsylvania, both before and after the death of Joseph.　The defendants Hanford and Myron Duke were, at the time of the commencement of the action, infants, and appeared by their guardian ad litem, Charles S. Cary.　The defendant Emily Duke is the widow of Joseph, and did not interpose any answer. The complaint contained the usual allegations as to the copartnership, as to the business carried on by the firm, as to the unsettled state of the accounts, and further alleged that the said William Duke, after the death of the said Joseph, continued to operate for and produce petroleum oil from the lands and leasehold interests of Joseph and William, and that the lands and interests of said Joseph are now owned by the defendants Emily, Hanford, and Myron Duke; that the defendant William Duke has sold the timber, lumber, lath and shingles, and oil taken from the lands, and has so commingled the funds received therefrom with his own that it is impossible for the plaintiffs to·ascertain exactly the amount that should go and belong to these plaintiffs, as executors of said will, and the amount that should be paid to said devisees, and be treated as a fund received from the real estate owned by them, and these plaintiffs cannot safely adjust and settle the said matters and accounts with the said William Duke without the said defendants Emily, Myron, and Hanford Duke, the devisees of said Joseph Duke, be made parties herein, and be bound by such settlement.　And the complaint demands that an account may be taken of the partnership dealings and transactions from the time of the commencement of such partnership to the time of its dissolution by the death of Joseph; that William Duke may account with the plaintiffs for all his dealings with and transactions in regard to the property, the assets, and effects of the said firm since its dissolution by the death of said Joseph, and the moneys collected and paid out·by him on account thereof, and that the copartnership business

be closed and a receiver appointed; and that the said William Duke be de-creed to pay to the defendants Emily, Hanford, and Myron any amounts which may be due them on account of money received from the avails of the real estate devised to them by Joseph, and that the defendants Emily, Myron, and Hanford be bound by the accounting and decree to be made herein; and that the said William Duke pay to these plaintiffs, as executors as aforesaid, one half of the sum due from him to said firm for moneys received before and after the death of said Joseph. The order appealed from was granted upon the petition of Charles S. Cary, as guardian ad litem as aforesaid, the affidavit of Joseph R. Jewell, as counsel for the defendants Emily Duke and Hanford Duke, the affidavit of Emily Duke, and upon the pleadings and all the papers in said action.

It is the contention of the counsel for the defendant William Duke that the defendants Emily, Hanford, and Myron Duke are unnecessary and improper parties to the action, and have no standing in court for any purpose. If they can be bound by the accounting, as is claimed in the plaintiffs' complaint, they are certainly necessary parties to the action. In any event they are proper parties. This is an equity action, instituted and prosecuted by the executors in the interests and for the benefit of these defendants. It is fitting and proper for them to appear upon the trial of the action to look after their interests. The plaintiffs appear simply in a representative capacity. In order to the proper and intelligent trial of the cause an inspection of the copartnership books is manifestly important. No proceeding having been instituted in the name of the plaintiffs to obtain such inspection, it was proper for the guardian, as an officer of the court, appointed to look after the interests of the wards of the court, to take proceedings to ascertain the contents of the books, to the end that he might be prepared to look after the infants' interests upon the trial. Notwithstanding they are joined as defendants with William Duke, their interests are adverse to his, and they are, within the meaning of section 803 of the Code,[1] "another party to the action," and are entitled to the benefit of the provision of that section as against the defendant William. It is contended by the appellant that the infants' answer makes no claim against William Duke. The answer is, as we have seen, the usual infants' answer, submitting their interests to the protection of the court. They have a right to appear upon the trial, and avail themselves of the claims set forth in the plaintiffs' complaint. We think it was within the discretion of the court to grant the order appealed from, and it should be affirmed, with $10 costs, and the disbursements of the appeal. All concur.

[1] Code Civil Proc. § 803, provides that a court of record, other than a justice's court, in a city, has power to compel a party to an action pending therein to produce and discover, or to give to the other party, an inspection and copy, or permission to make a copy, of a book, document, or other paper in his possession or under his control, relating to the merits of the action, or of the defense therein.