LEGACIES—ENFORCEMENT OF PAYMENT.
Under Code Civ. Proc. §§ 2722, 2723, permitting the surrogate to require the payment of legacies to persons "entitled" to a legacy, one claiming the entire residuary estate as mesne assignee of the sole heir and of his executor cannot maintain proceedings to compel the administratrix of decedent to execute to the assignee an assignment of the residuary estate.

In the matter of the estate of Samuel Wood, deceased. Application that the administratrix with the will annexed be required to execute to petitioner an assignment of all the residuary estate of testator. Application denied.

R. E. Valentine, for petitioner.

THOMAS, S. The petitioner alleges that one Abraham Hewlett was the sole heir at law of the decedent, and "that by due mesne assignments from said Abraham Hewlett during his lifetime, and from the executor of his last will and testament, your petitioner is the owner of the entire residuary estate of said Samuel Wood." The prayer of the petition is that the respondent, the administratrix with the will annexed of the decedent, be required by a decree of this court to execute to the petitioner an assignment of all property and choses

in action constituting the residuary estate of said testator. The proceeding is therefore one which must be sustained, if at all, under the provisions of sections 2722 and 2723 of the Code of Civil Procedure, which permit the surrogate to require the payment of debts and legacies. By section 2722 the petition may be by a creditor or "by a person entitled to a legacy, or any other pecuniary provision under the will, or a distributive share." It has repeatedly been determined that an assignee of a legacy or distributive share is not a person entitled to maintain the proceeding, and that this court is without jurisdiction to make a decree on the petition of the assignee. Peyser v. Wendt, 2 Dem. Sur. 221; In re Brewster, 1 Con. Sur. 172, 3 N. Y. Supp. 556; Tilden v. Dows, 3 Dem. Sur. 240; In re Edson (Sur.) 53 N. Y. Supp. 712; In re Webb's Estate, Sur. Dec. 1900, pp. 367, 368, affirmed without opinion sub nom. In re James, 54 App. Div. 637, 67 N. Y. Supp. 1136. The decisions are based on the language of the statute, and it is believed that the statute was purposely framed so as to preclude the obtaining of a decree requiring payment of a legacy or distributive share in a proceeding in which the legatee or next of kin is not a party. This view is strengthened by the fact that, by section 2728 of the Code of Civil Procedure, next of kin and legatees must be cited to attend an accounting by an executor or administrator, even though they may have assigned their interests to strangers or executed formal releases. In this respect they are placed on a footing different from creditors, who need not be cited if their claims appear, by vouchers annexed to the account, to have been paid. Notwithstanding the fact that the administratrix consents to the proposed decree, I am therefore constrained to deny it on the ground of lack of jurisdiction. The very broad relief asked for and consented to in the proposed decree—largely in excess of the prayer of the petition—is not permissible in this proceeding, and the very general statements of the facts do not satisfy me that the petitioner is entitled to any relief whatever. I will, however, rest my decision broadly on the proposition already set forth.

Application denied.