WHEELER *et al.*, administrators, *v.* HORNE.

HOLDEN, J. Florence Horne filed a petition against the administrators of
Charles Wheeler, deceased, making, among others, substantially the
following allegations: Wheeler died intestate, owning an estate of a
named value, an inventory and appraisement of which was attached and
made a part of the petition. The defendants became administrators of
the estate more than a year ago, and took possession of the estate and
converted it into cash, but have never made any returns, and the
plaintiff is unable to state the exact amount of cash of the estate
which the defendants have, or should have. Plaintiff is the sole heir
of the deceased and entitled to his entire estate. Plaintiff was the only
issue of the marriage of her father and mother. Her father and mother
were married in 1851. Her mother died in 1882. Her father obtained
in 1860 a decree of divorce from her mother, but the same was void
(for specified reasons). After this decree was granted, there were
born to her father, as a result of two later marriages contracted while
the mother of plaintiff was in life, certain children who are not his
lawful heirs, because the decree for divorce was void. If the plaintiff
is not the sole heir of her father, she is one of his heirs and entitled to
a share of his estate. Defendants deny that the plaintiff is entitled to
a share in the estate. The plaintiff prayed that she "be declared by
the decree of this court to be the child and heir at law of said Charles
Wheeler, deceased," and for an accounting. The defendants filed an

answer wherein, among other things, it was alleged that the plaintiff was not the legitimate child of Charles Wheeler and not entitled to any interest in his estate; that the estate had been partially converted into cash and distributed, but that the timber on about 200 acres of land and all the notes and accounts due the estate had not been converted into cash. Upon the trial the following verdict was rendered: "We, the jury, find that plaintiff Mrs. Florence Horne is a child of Charles Wheeler and entitled to an equal share of the Charles Wheeler estate." *Held:*

1. An heir at law may bring an action in the superior court for her distributive share of an estate against the administrator thereof, and pray for an accounting and settlement, at any time after the expiration of one year from the time of his qualification. If there are debts due by the estate, the administrator can plead and prove them, and thus protect himself and creditors of the estate. *Williams* v. *Lancaster*, 113 *Ga.* 1020 (39 S. E. 471).

2. Plaintiff filed a written motion stating that in the suit she was setting up an adverse claim against a named person (the reputed widow of Charles Wheeler) and other named persons (reputed children of Charles Wheeler), who claimed an interest and share in his estate, and prayed that they be made parties defendant to the case. On September 17, 1908, the court passed an order requiring the persons referred to to show cause, on September 25, 1908, "why they should not be made parties defendant to the case stated at the head of the foregoing petition; and that said parties be each served by the sheriff of their respective counties with copies of the foregoing petition and this order." On September 21, 1909, the court passed an order reciting that the persons above referred to had been duly served "with rules returnable before me on September 25, 1908, calling on them to show cause why they should not be made parties defendant in the above-stated case; and no cause having been shown by them, or any of them, why they should not be made parties defendant to said case, it is ordered that all of the above-named parties are hereby made parties defendant to the said case." *Held*, that there is no merit in the contention of the administrators that the reputed widow and reputed children of the deceased were not properly made parties defendant in the case, on the ground that they were not served with a copy of the proceedings therein.

(a) In order to make new parties defendant to a pending proceeding, it is not necessary to serve them with a copy of the proceedings in the case prior to the time they are made parties; it only being necessary to serve them with a copy of the order of the court requiring them to show cause why they should not be made parties. *Berryman* v. *Haden*, 112 *Ga.* 752 (38 S. E. 53).

3. A decree was rendered, providing, among other things, that the plaintiff was declared to be a child of the intestate and entitled to an equal share with the other heirs of his estate, that the case be kept open for the purpose of determining the number of heirs and the amount to which the plaintiff was entitled, and to give the administrators time to reduce the remaining assets of the estate to cash; that the administrators advance to the plaintiff an amount equal to advances made by

them to the other children of the intestate, and charge the same to her distributive share; that they proceed at once to reduce the outstanding estate to cash, and account to and pay over to the plaintiff a child's part of the estate; that they file to the next term of the court a report showing the true condition of the estate; and that the case be kept open for a full and proper accounting by the administrators to the plaintiff as to her share in the estate. *Held,* that the granting of this decree was not error "because the same is not warranted by the pleading or the verdict in said case, and leaves said case still open for further trial after a full and final trial on all the issues involved in the pleadings in said case."

4. No error requiring a new trial appears in overruling the demurrers, or in any of the rulings on the admission or rejection of evidence, or in the charges of the court of which complaint is made. The evidence was amply sufficient to support the verdict, and the court committed no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

JUNE 22, 1911.

Equitable petition. Before Judge Rawlings. Johnson superior court. July 1, 1910.

*Daley & Daley,* for plaintiffs in error.

*J. L. Kent, Hines & Jordan,* and *J. J. Forehand,* contra.