EXECUTORS AND ADMINISTRATORS (§ 471*)—ACCOUNTING—PROCEDURE.
> Under Code Civ. Proc. §§ 2516, 2606, the Surrogate's Court obtains jurisdiction to settle an executor's accounting by filing a petition therefor, and should not proceed until all persons interested have been cited.
> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2018–2024; Dec. Dig. § 471.*]

In the matter of the estate of Elizabeth A. Joslin, deceased. Proceedings to compel accounting by executors. Decree rendered.

B. A. Capron, for Tharratt's executors.

Frank Bowman, for Ruggles' committee.

SEXTON, S. This is a proceeding instituted by Burton H. Loucks, as committee of the person and property of George De Rue Ruggles, an incompetent person, to compel Brinckerhoff C. Tharratt and Loraine Carrington, as executors of the will of Joseph R. Tharratt, to settle and account for the acts of Joseph R. Tharratt, as executor of the will of Elizabeth A. Joslin, deceased.

On September 23, 1910, a petition was filed by said committee, Loucks, for a compulsory accounting, and a show-cause citation issued thereon, returnable October 10, 1910, which citation was directed only to said Brinckerhoff C. Tharratt and Loraine Carrington. Thereafter, and on June 5, 1911, said Brinckerhoff C. Tharratt and Loraine Carrington, as executors, filed their account. No petition was filed with said account, and no citation issued thereon. On July 9, 1911, objections to said account were filed. At the time of filing said objections the court had acquired no jurisdiction in the accounting proceedings, and had no authority to proceed with the hearing of the objections, for the reason that no petition was filed with the account, and no citation issued.

An accounting in Surrogate's Court is a special proceeding. Section 2516 of the Code of Civil Procedure provides as follows:

"Except in a case where it is otherwise specially prescribed by law, a special proceeding in a Surrogate's Court must be commenced by the service of a citation, issued upon the presentation of a petition. But upon the presentation of the petition, the court acquires jurisdiction to do any act, which may be done before actual service of the citation."

Under this section no citation could have been issued until after the presentation of a petition. The presentation of a petition gives the court jurisdiction to issue the citation and to proceed with the accounting.

Section 2606 of the Code of Civil Procedure is the one under which the committee herein is proceeding, and said section contains the following provision:

"On a petition filed either by or against an executor or administrator of a deceased executor, administrator, guardian or testamentary trustee, or on a revival and continuation of an accounting pending by or against such decedent at the time of his death, the successor of such decedent and all persons who would be necessary parties to a proceeding commenced by such decedent for a judicial settlement of his accounts shall be cited and required to attend such settlement."

If Joseph R. Tharratt, in his lifetime, sought to account in the Elizabeth A. Joslin estate, of which he was executor, it would have been necessary for him to have cited all persons interested in said Joslin estate in order to have the decree binding upon them. It is quite as necessary in the attempted accounting herein to have all of the inter-

ested persons in the Joslin estate before the court, to the end that any decree made shall be binding upon them.

Said Joseph R. Tharratt, deceased executor of the will of said Elizabeth A. Joslin, never had a judicial settlement of his accounts as executor in his lifetime, and no administrator with the will annexed has ever been appointed in said Elizabeth A. Joslin estate. There being no representative of the Joslin estate, all persons interested in said estate, who would have a right to question the settlement in that estate by its executors, have a right to notice of all proceedings which in any manner might affect their rights in the said Joslin estate; and, until they are before the court, no proceedings can be had or taken which would be binding upon them or upon the said Joslin estate.

Next of kin and legatees must be cited to attend an accounting by an administrator or executor, even though they may have assigned their interest to strangers, or executed former releases. Matter of Wood, 38 Misc. Rep. 64, 76 N. Y. Supp. 967; Matter of Walton, 38 Misc. Rep. 723, 78 N. Y. Supp. 296, and cases cited. The only persons in court are the incompetent and the executors of the estate of Joseph R. Tharratt, deceased. The Joslin estate cannot be brought in by stipulation, nor can statutory requirements be thereby cured, as the Surrogate's Court can proceed in an accounting matter only upon the filing of a petition and the issuance of a citation to the parties entitled to notice.

I will not dismiss the proceeding, however, but will permit the defects to be cured by the filing of a petition for a judicial settlement and the issuance of a citation thereon, and will hold the matter for final decision until such time as the Surrogate's Court may be given full jurisdiction to decide the matters involved by the objections to the account upon the merits.

Decreed accordingly.