CUBAN TELEPHONE COMPANY, Appellant, *v.* ROLAND R. CONKLIN and UNITED CONSTRUCTION AND SUPPLY COMPANY, Respondents, Impleaded with HAVANA TELEPHONE COM-PANY, Defendant.

First Department, April 8, 1921.

Discovery and inspection — petition by defendants for discovery before answer — discovery authorized where books and papers relating to transaction are in plaintiff's possession — discovery not denied because of expense.

The defendants before answering are entitled to an order for the discovery and inspection of books and papers to enable them to draft their pleading, where it appears that the action is one for an accounting of certain funds of a company of which the plaintiff is sole stockholder; that all the books and papers in relation to the transaction are in the possession of said company and under the control of the plaintiff, and that one of the defendants alleges that he is without information sufficient even to enable him to determine whether his firm ever occupied a fiduciary relation toward the plaintiff's company.

The defendants are not .obliged to file a formal answer alleging that they have no knowledge or information sufficient to form a belief and obtain discovery after issue is thus joined.

The order should not be denied because of the expense and trouble involved in making the examination, since the expense will be borne by the defendants.

APPEAL by the plaintiff, Cuban Telephone Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1920, granting defendants' motion for discovery and inspection.

*George Zabriskie,* for the appellant.

*Anson Beard,* for the respondent Conklin.

*Frederick R. Ryan,* for the respondent United Construction and Supply Company.

Order affirmed, with ten dollars costs and disbursements, on the opinion of BIJUR, J., at Special Term.

Present — DOWLING, LAUGHLIN, PAGE, MERRELL and GREENBAUM, JJ.

The following is the opinion delivered at Special Term:

BIJUR, J.:

This is a petition under section 805 of the Code by defendants Conklin and United Construction and Supply Company, to obtain a discovery of certain books and papers. Plaintiff sues as the sole stockholder and on behalf of the Havana Telephone Company. It alleges that some twenty years ago relations were established between the Havana Company and the firm of Jarvis & Conklin whereunder the firm became depositories and trustees of certain funds of the Havana Company; that certain credits were improperly allowed to the firm; that subsequently the Havana Company purported to transfer its assets to the United Construction and Supply Company, including this claim against the firm, but that the assignment for various reasons was ineffective and invalid and should be set aside. The substance of the relief demanded in the complaint is that the defendants Conklin (Jarvis having died) and the United Company account for the funds thus improperly diverted from the Havana Company. The petition for discovery discloses that all the accounts of the United Company were kept in Cuba substantially by the Havana Company; that bills, vouchers, checks and similar papers

were drawn chiefly in Cuba under the control of the Havana Company; that all these books and papers are still in possession or under the control of the Havana Company; that copies of the correspondence between the firm and the Havana Company are also in the possession of the latter, and, finally, that all the papers of the Havana Company are in possession and under the control of the plaintiff. These allegations are practically undenied, except inferentially and by hearsay, and I find that they are satisfactorily established. Under these circumstances it seems to me clear that defendants are entitled to the discovery which they seek. One of the chief purposes of section 803 of the Code authorizing discovery is to enable a party to prepare his pleadings. This is illustrated by rule 14 of the General Rules of Practice, formulated pursuant to section 804. The application has generally been granted in cases similar to that at bar. (*Inyo Mining, etc., Co.* v. *Pheby,* 49 N. Y. Super. Ct. 392; *Frowein* v. *Lindheim,* 35 N. Y. St. Repr. 604; *Applebee* v. *Duke,* 21 N. Y. Supp. 890.) Plaintiff urges that under our Code* the defendant may answer " that he has no knowledge or information sufficient to form a belief " as to the allegations of the complaint, and obtain discovery (if necessary) after issue thus joined. I can see no purpose in pursuing so pedantic a course. As illustrated by the principles governing examinations before trial for the purpose of framing a pleading, it seems that when a party has sufficient *information* to enable him to frame his pleading an examination will be denied. (*Sothman* v. *Rockefeller,* 168 App. Div. 826; *Loughlin* v. *Wocker,* 146 id. 434.) There is a substantial difference between a case where a party knows facts enough to enable him to frame a genuine pleading and one in which he is merely authorized to frame a formal pleading, though he be without information as to the merits of his cause. Conklin alleges that he is without information sufficient even to enable him to determine whether his firm ever occupied a fiduciary relation toward the Havana Company. It is conceivable that upon ascertaining the facts he may not defend. No useful purpose can be subserved by compelling a defendant to answer

---

* See Code Civ. Proc. § 500. — [Rep.

merely because the Code permits him so to do in an inconclusive way when as matter of fact he cannot know as yet whether he wishes to defend at all. Plaintiff refers also to the great trouble and expense which will be imposed upon it if the discovery prayed for be granted. I find that contention to be without merit. The trouble involved in extracting from orderly files, books and records which are no longer in use seems to me to be purely mechanical and practically negligible as a factor to be considered on an application of this kind. The expense of course must be borne by the defendants, as offered by them. Plaintiff's position seems all the less meritorious, *first,* because there can be no sound reason why the truth as evidenced by the original books and documents should not be known at this time as well as any other, and, *second,* because a large part if not most of the papers sought actually belong to one if not both of the defendants, and plaintiff, as a separate corporate entity, seems to be the owner of none.

Petition granted. Settle order on notice.

