SANDERS, executor, *v.* HEPP *et al.*

No. 13003. MARCH 15, 1940. REHEARING DENIED MARCH 27, 1940.

*Hall & Bloch,* for plaintiff in error.
*Martin, Martin & Snow,* contra.

BELL, Justice. This case arose by a petition in equity, alleging as follows: Carlos Hepp, the plaintiff, is the holder of a partial assignment of the interest of Klara Loewenberg, one of several legatees, in the estate of her uncle, Samuel Mayer. The executor, Julius Sanders, qualified more than six years ago, and all debts and specific legacies have been paid for more than five years. From the time of their payment the executor has had in his possession valuable real estate which, according to the will, was then to be equally divided among designated residuary legatees, including the plaintiff's assignor, which real estate, being incapable of division in kind, should be sold for the purpose of distribution. The distributive share of Klara Loewenberg will exceed the sum of $2500, "which is the amount of said distributive share conveyed by the assignment to petitioner." The plaintiff as such assignee sought a decree establishing the assignment and requiring the executor to sell the property for the purpose of distribution, and to pay to the plaintiff the amount assigned, from the distributive share of the assignor. He claimed the right to proceed in equity, because he has a mere partial assignment, which he can not enforce in an action at law. Copies of the will and of the assignment were attached to the petition, and the executor and the assignor were made parties defendant. The court overruled a general and special demurrer

to the petition, and the executor excepted pendente lite. The case was afterwards tried by consent before the judge without a jury. The evidence, with a stipulation, supported the allegations of the petition. It further showed that the assignment was made to secure an indebtedness of about $1900, besides interest from July 1, 1936, and that the only reason the executor has not sold the real estate since the payment of all debts and specific legacies is that he has considered the real estate market unfavorable. The judge found for the plaintiff, and entered a decree directing the executor to sell the property for distribution, and to pay to the plaintiff the amount of the assignor's share not to exceed her indebtedness to him. To this judgment the executor excepted. Error was assigned also on the exceptions pendente lite.

In the brief of counsel for the plaintiff in error it is stated in effect that the following question is presented for decision: Can one holding an assignment from a legatee of $2500 "of her distributive share" of an estate to which the legatee is entitled under a will compel a sale and distribution of the estate for the purpose of paying a debt secured by the assignment, in the absence of allegation and proof that the estate is being held together for the purpose of delaying or defeating the debt secured by such assignment? As applied to this case, which is a suit in equity based on a partial assignment of an interest in an estate which is ripe for distribution, and where, so far as contended, all necessary partes are before the court, we answer the question in the affirmative. The Code, § 113-2201, provides: "Any person interested as distributee or legatee may, after expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts, or, if the administrator chooses, he may cite all of the distributees to be present at the settlement of his accounts by the ordinary. Such settlement shall be conclusive upon the administrator and upon all the distributees who are present at the hearing." It will be noticed that this section provides only for a proceeding in a court of ordinary. It shows, however, that any person interested as a distributee or legatee may demand a settlement at any time after one year from the qualification of the legal representative, unless in case of an executor there is provision in the will to the contrary. In *Williams* v. *Lancaster*, 113 *Ga.* 1020 (4) (39 S. E. 471), it was held that heirs at law may bring an

action for their distributive shares against an administrator and sureties upon his bond, and pray for an accounting and settlement, at any time after the expiration of one year from his qualification. In *Wheeler* v. *Horne,* 136 *Ga.* 486 (71 S. E. 901), it was held: "An heir at law may bring an action in the superior court for her distributive share of an estate, against the administrator thereof, . . at any time after the expiration of one year from the time of his qualification. If there are debts due by the estate, the administrator can plead and prove them, and thus protect himself and creditors of the estate." It has also been ruled that it is not a good ground of objection to an application by an administrator to sell land or other property, for the purpose of paying debts, that the market is depressed, and for this reason the property would not sell for its full market value. *Jackson* v. *Warthen,* 111 *Ga.* 834 (36 S. E. 214). The same rule would apply of course where the proposed sale was for the purpose of distribution.

Under the foregoing principles, it is clear that if the legatee herself were suing to compel a distribution, she would not be required to allege or prove that the estate was being held together for the purpose of delaying or defeating her claim as a legatee; and we can see no reason why any such allegation or proof would be necessary in a similar suit by an assignee, as in this case. The right of an heir or a legatee to an interest in an estate is a chose in action, and is assignable. *Greenwood* v. *Greenwood,* 178 *Ga.* 605 (173 S. E. 858). A right of action is assignable if it involves, directly or indirectly, a property right. Code, § 85-1805. The whole or a partial interest may be assigned; and while a partial assignment will not convey legal title, it will convey equitable title to the portion assigned, enforceable in a court of equity. *Graham* v. *Southern Railway Co.,* 173 *Ga.* 573 (161 S. E. 125, 80 A. L. R. 407). So where an assignee is seeking in the proper forum to enforce the assignment, whether it be legal or equitable, he may do so without showing that the estate is being held together for the purpose of delaying or defeating the debt secured by the assignment. He is entitled to the same remedies as the assignor, subject to the qualification that if the assignment is partial it can not be enforced in an action at law, and subject *perhaps* to the further qualification that the court of ordinary might not have jurisdiction to adjudicate his claim of title, either legal or equitable. *Finch* v.

*Finch,* 14 *Ga.* 362 (5) ; *Dix* v. *Dix,* 132 *Ga.* 630 (4) (64 S. E. 790) ; *Lyons* v. *Armstrong,* 142 *Ga.* 257 (82 S. E. 651) ; *Brooks* v. *Brooks,* 184 *Ga.* 872 (193 S. E. 893). We are cited to the case of *Gammage* v. *Perry,* 25 *Ga. App.* 305 (103 S. E. 173), where it was held that the provisions of the Code, § 113-2201, did not apply to judgment creditors of legatees or distributees. That decision appears to have been based upon a construction of the statute, to the effect that the words "any person interested as a distributee or legatee" should not be taken as extending to a creditor of such distributee or legatee, although it was further stated that the remedy of such creditor would be garnishment. We think the case of *Gammage* v. *Perry* was correctly decided, and for the purpose of this case we may *assume* that an assignee would be in no better position than a creditor of such distributee or legatee, in seeking a settlement in the court of ordinary; a decision of this latter question being unnecessary in the present case, for the reason that the plaintiff is not seeking a settlement in that court, but is suing in a court of equity. But if section 113-2201 should be construed as not embracing an assignee, this would merely constitute an additional ground for proceeding in equity, and would not defeat such assignee altogether.

It is further insisted that the present assignee himself had the remedy of garnishment, and that this was an adequate remedy, excluding equitable procedure. This contention would treat the assignee merely as a creditor, and would overlook the fact that he is a secured creditor. He is the holder of a partial or equitable assignment, which he is entitled to enforce in a court of equity. He could not enforce it in a court of law, nor was he required to ignore it by instituting a simple action for the debt and following it with a garnishment. Our attention has also been called to the following New York and Alabama decisions relating to the remedy of an assignee of an interest in the estate of a decedent. In Brewster's Estate, 3 N. Y. Supp. 556, it was held that an assignee of a legacy did not fall within the provisions of the Civil Code of Procedure of that State, to the effect that a person entitled to a legacy or other pecuniary provision under a will may, after one year from the issue of letters testamentary or of administration, file a petition in the surrogate's court, and have a decree requiring the executor to pay his claim or to show cause why he should not do so, since an as-

signee does not claim "under the will." In re Wood's Estate, 38 Misc. 64 (76 N. Y. Supp. 967), the assignee of a legatee filed a suit in the surrogate's court to enforce the assignment. The court stated that the proceeding was one which must be maintained, if at all, under §§ 2722-2723 of the Civil Code of Procedure, which permit the surrogate's court to require payment of debts and legacies. By § 2722, the petition may be by a creditor, or "by a person entitled to a legacy or any other pecuniary provision under the will, or a distributive share." It was held that an assignee of a legacy, or distributive share is not a person entitled to maintain the proceeding. The decision was based upon the particular language of the statute, which it was thought was "purposely framed so as to preclude the obtaining of a decree requiring payment of a legacy or distributive share in a proceeding in which the legatee or next of kin is not a party." The court stated that this view was strengthened by § 2728, providing that the next of kin and legatees must be cited to attend an accounting by the executor or administrator, even though they may have assigned their interests or executed formal releases. The decision in the latter case followed the ruling in the former case, and shows the bases of both decisions. They related only to the rights of an assignee in the surrogate's court, which is a court of probate, and did not in any manner deal with the right of an assignee in a general court of equity.

In Smith v. Hall, 20 Ala. 777, cited in the same connection by counsel for the plaintiff in error, the petitioner, as in the case at bar, held only a partial assignment, but he sought to enforce it in the probate court. It was stated that the statute does not directly confer upon such a purchaser authority to proceed to obtain distribution in his own name; and that under the doctrine contended for by him, if the interest of the devisee was sold to different purchasers, and if the estate was subsequently reduced to cash for the purpose of paying debts and distribution, each person would be entitled to proceed against the personal representative, and the "consequence would be that a court of limited powers would often be embarrassed, in the determination of claims involving the title of lands, and collateral to the main issues of administration." Still other inconveniences were pointed out, after which the court stated: "The whole object of the probate laws seems to have been intended to limit the jurisdiction of the probate court to the legitimate and

natural relations growing out of administrations; to confer upon that court the powers necessary for the management and distribution of assets, in the direction of those who were immediately connected with administrations, such as heirs, legatees, and creditors, without providing for collateral relations which might arise, but leaving those relations to be provided for by courts, which, by the possession of more extensive powers and jurisdiction, were more competent to meet and provide for the exigency." This latter statement tends to support the position of the present assignee, who is proceeding, not in the probate court, but in a court of general equitable jurisdiction. To the same effect, see Simmons v. Knight, 35 Ala. 105.

The court did not err, for any reason assigned, in overruling the demurrer or in rendering the decree in favor of the plaintiff. This decision does not conflict with that in *Patterson* v. *Fidelity & Deposit Co.,* 181 *Ga.* 61 (181 S. E. 776, 106 A. L. R. 425), to the effect that an administrator is not liable for his mere failure to sell real estate, where it does not appear that any person at interest has demanded a sale or sought in any court to require it; or with similar decisions in *Williams* v. *First National Bank of Atlanta,* 181 *Ga.* 38 (181 S. E. 225) ; *Robinson* v. *Georgia Savings Bank & Trust Co.,* 185 *Ga.* 688, 692 (196 S. E. 395).

*Judgment affirmed. All the Justices concur, except* ATKINSON, P. J., who dissents from the second clause of the first headnote and corresponding portions of the opinion.