Maximilian Moss, S.
This is a motion for an order directing the proponent, who is decedent’s widow, to appear for an examination before trial to enable petitioner to frame objections to the propounded instrument bearing date March 10, 1961, and for other relief.
The filing of a petition and service of a citation in a Surrogate ’s Court proceeding is analogous to the service of a summons and complaint in an action brought in a court of record pursuant to the Civil Practice Act (Surrogate’s Ct. Act, § 48; Matter of Joslin, 74 Misc. 332). Under article 29 of the Civil Practice Act (§ 288 et seq.) and the Buies of Civil Practice, a party served with a summons and complaint may be afforded an examination of the complainant or other party in order to frame an answer (Cuban Tel. Co. v. Conklin, 196 App. Div. 463). Movant, petitioner herein, is one of decedent’s distributees named in the propounded instrument, and in the probate petition and the citation served upon her. Movant is in the position of a defendant served with a summons and complaint, while proponent may be compared to a plaintiff in such an action. The fact that *463 a pro forma answer in the nature of a general denial may be filed is no bar to such examination since a defendant may not know at the time whether he wishes to defend at all (Cuban Tel. Co. v. Conklin, supra, pp. 465-466; Boyd v. Boyd, 276 App. Div. 1013, 1014; Public Nat. Bank v. National City Bank, 261 N. Y. 316, 319-320; St. John v. Putnam, 128 Misc. 707). The present application is somewhat analogous thereto. The provisions of the Civil Practice Act apply to proceedings in the Surrogate’s Court (Surrogate’s Ct. Act, § 316).
The Surrogate has incidental powers with respect to “ all matters subject to the cognizance of his court, according to the course and practice of a court having by the common-law jurisdiction of such matters, except as otherwise prescribed by statute ”. The Court of Appeals in Matter of Raymond v. Davis (248 N. Y. 67) said at page 72, “ the powers that are specific shall hereafter be read as being 1 in addition to and without limitation or restriction on ’ the powers that are general ”. (Surrogate’s Ct. Act, § 20, subd. 11.) Section 40 of the Surrogate’s Court Act confers jurisdiction upon the court to administer justice in all matters relating to the affairs of decedents, as to any and all matters necessary to be determined in order to effect complete disposition of the matter (Matter of Raymond v. Davis, supra).
Section 144 of the Surrogate’s Court Act imposes a duty upon the Surrogate to inquire into all the facts and circumstances with respect to the genuineness and validity of a will before admitting it to probate (Matter of Schultz, 180 Misc. 1023, affd. 268 App. Div. 966). This duty is imposed upon the Surrogate regardless of whether or not objections have been filed (Matter of Kutzner, 173 Misc. 776; Matter of Jones, 118 N. Y. S. 2d 857; Matter of Fould, 21 Misc 2d 402). There is nothing in the statutes which prohibits an examination before trial under the facts and circumstances existing in proceedings before this court (Matter of Cook, 244 N. Y. 63, 72; Noble v. Copake Lake Pure Ice & Water Corp., 129 Misc. 445). The movant may file objections to the probate of the propounded instrument at or before the close of testimony taken before the Surrogate (Matter of Enright, 138 Misc. 853, 855).
The court determines that special circumstances are present in these proceedings which warrant an examination before trial of the proponent in aid of the court’s responsibility under section 144 of the Surrogate’s Court Act. The motion is granted in the court’s discretion in all respects. The proponent will be directed to appear for examination upon the date to be fixed in the order and to produce all papers in her possession for use upon such examination (Civ. Prac. Act, § 288 et seq.).