Louis D. Laurino, J.
In this contested trustees’ accounting proceeding, one of the petitioners moves to dismiss the objections filed by the remaindermen. After agreeing to withdraw the motion pending pretrial conferences, it was again submitted for a determination on October 17, 1972.
The petition and account were filed by one living trustee and by the fiduciary of the other trustee, then deceased. At that time the remaindermen, the Dalys, had already made an assignment to one Bernard Wolfman. ^he petition and account *196 reflected that assignment, and both Wolfman and the Dalys were named as interested parties. Process issued accordingly, and both Wolfman and the Dalys appeared and filed objections. Since that time the living trustee has also died and his successor brings the present motion.
It is the movant’s theory that by the assignment the Dalys have divested themselves of any interest in the trust and therefore have no standing to file objections. This despite the fact that it was the movant’s predecessor who named them as parties and who caused process to issue to them. (Cf. Matter of Cowles, 22 A D 2d 365, 369-371.)
The Dalys claim that their assignment to Wolfman was merely a collateral assignment as security for a loan. Wolfman himself has submitted an affidavit in which he admits that the Dalys are entitled to their equity over and above the amount of the loan, characterizing the assignment as a“ mortgage type instrument ”. Surprisingly, even the movant’s attorney, in an affidavit filed January 22, 1972 at page 2, admits that the Dalys are entitled to the equity over and above their debt. As a practical matter it is difficult to imagine how this can be accomplished without giving both Wolfman and the Dalys an opportunity to appear and contest the valuation of the remainder interest.
This motion has been intensely litigated on all sides. Unfortunately, most of the energy has been expended in an attempt to ascertain the legal nature of the assignment, an entirely irrelevant issue. The court has no intention at the present time of determining the nature of the assignment or of fixing the rights between Wolfman and the Dalys.
At issue, very simply, is whether a beneficiary and his assignee are both necessary parties to an accounting proceeding. The answer to this is in the affirmative by the well-settled law of this jurisdiction. (Matter of Wood, 38 Misc. 64.) Furthermore, the official form of account for trustees, recommended by the Commission on Estates for use in all the Surrogates ’ Courts of the State (SCPA, appendix, form No. 13), recognizes this principle and specifically requires that both remaindermen and assignees be listed in Schedule Gr of the account. (See 10D Cox-ArensonMedina, N. T. Civ. Prac., par. 2210.10, subd. [f]; 4A Warren’s Heqton, Surrogates’ Courts, § 377, par. 1, subd. [g].)
Accordingly, the motion is denied.