OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding two cotrustees and executors of the estate of a deceased trustee seek an order dispensing with service of citation on one of the beneficiaries of the trust.
The trustees have filed an intermediate account for the residuary trust created under article nine of the decedent’s will. The beneficiaries of the trust are the testator’s surviving spouse and the testator’s descendants. The trustees seek to dispense with service upon John Love, an adult grandchild of the testator.
The trustees’ petition states that by an indenture dated July 28, 1972, John Love assigned his interest in certain property, not including the property which is the subject of this proceeding, to Felicite Pratt Morgan and the United States Trust Company as cotrustees of a separate trust. It is further alleged that by an assignment dated August 20, 1974, Mr. Love transferred to the trustees of the same inter vivos trust his interest in the principal of the testamentary trust and directed that the income be delivered to the trustees of the inter vivos trust.
*827 If Mr. Love assigned all of his interest in the testamentary trust, he lacks standing to object to the trustees’ account (Matter of Pluym, 195 App Div 565; Matter of Bihn, 171 Misc 80). Nevertheless, he must be cited in this proceeding (SCPA 2210 [9]; Matter of Daly, 72 Misc 2d 195; Matter of Wood, 38 Misc 64; Matter of Joslin, 74 Misc 332; Tilden v Dows, 2 Dem 489; 4A Warren’s Heaton, Surrogates’ Courts § 377, ¶ [1] [g] [6th ed]; 3 Harris, New York Estates Practice Guide § 31:61 [4th ed]).
The purpose of this requirement is to permit the beneficiary to dispute the existence of the assignment, its validity or effect. Although the purported assignment specifically provides for representation of the beneficiary by the trustees in an accounting proceeding, its validity may be attacked.
The petitioners argue that process need not issue to Mr. Love because that is the "law of the case”. Their argument rests on the fact that process did not issue to Mr. Love in the executors’ accounting. In that proceeding, it was necessary to cite the beneficiaries of the trust because the executors were also trustees and would be accounting to themselves (SCPA 2210).
The executors failed to list Mr. Love as a beneficiary who had to be cited. The failure to require that a citation issue to Mr. Love was a clerical oversight.
The doctrine of the "law of the case” applies only where there has been a final judicial determination of a particular controversy (Globe Indem. Co. v Franklin Paving Co., 77 AD2d 581). It applies to various stages of the same litigation but not to different litigations (Matter of McGrath v Gold, 36 NY2d 406) and it does not bind persons who were not parties to the proceeding (Matter of Ahrens, 193 Misc 844, mod on other grounds 275 App Div 588, affd 301 NY 701).
Mr. Love was not a party to the executors’ accounting. The executors’ accounting proceeding was separate and distinct from this proceeding and the question of service of process upon Mr. Love was not specifically addressed by the court.
Most importantly, the doctrine of "law of the case” does not apply to the fundamental question of jurisdiction (Bricklayers & Allied Craftsmen v Corbetta Constr. Co., 511 F Supp 1386).
Accordingly, citation must issue to John Love.